UNITED STATES DISTRICT COURT         JS-6
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. SA CV 20-00670-DOC-DFM         Date: June 12, 2020

Title: ERRITON HALL v. SUZUKI MOTOR OF AMERICA, INC. et al.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Kelly Davis | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):**   ORDER GRANTING MOTION TO REMAND ACTION TO STATE COURT [15]

Before the Court is Plaintiff's Motion to Remand Action to State Court (Dkt. 15) ("Motion") brought by Plaintiff Erriton Hall ("Plaintiff"). The Court finds this matter appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78; C.D. Cal. R. 7-15. Having reviewed the moving papers submitted by the parties, the Court **GRANTS** Plaintiff's Motion.

**I. Background**

    **A. Facts**

The following facts are drawn from the original Complaint in this action (Dkt. 1, Ex. A). This action concerns injuries Plaintiff suffered in a motorcycle crash in Lynchburg, Virginia, while operating his 2004 Suzuki GSX-R1000 motorcycle ("the Subject Motorcycle"). Compl. ¶¶ 9–12. Plaintiff alleges that the front brakes of the Subject Motorcycle failed when he attempted to engage the brakes while exiting a highway, and that "there was no breaking power which prevented the Plaintiff from stopping before crashing into [a] vehicle." *Id.* ¶ 51. Plaintiff brings claims for the

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 19-04066-DOC-PJW   Date: June 12, 2020

Page 2

following causes of action: (1) strict product liability design defect, (2) strict product liability failure to warn; (3) negligence; and (4) breach of implied warranties. *Id.* ¶¶ 15–46. Plaintiff additionally seeks punitive damages. *Id.* ¶¶ 47–95.

### B. Procedural History

Plaintiff originally filed suit in the Superior Court of California, County of Orange (Dkt. 1). Defendant Suzuki Motor of America, Inc. ("SMAI") filed a Notice of Removal on April 6, 2020 (Dkt. 1). Plaintiff filed the instant Motion on May 15, 2020. On June 1, 2020, Defendant SMAI filed an Opposition ("Opp'n.") (Dkt. 16), and Plaintiff submitted their Reply (Dkt. 17) on June 8, 2020.

## II. Legal Standard

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Removal of a case from state court to federal court is governed by 28 U.S.C. § 1441, which provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441. The statute governing removal "is strictly construed against removal jurisdiction," and places "the burden of establishing federal jurisdiction" on the moving party. *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988). Moreover, "[A] defendant may not remove a case to federal court unless the plaintiff's complaint establishes that the case 'arises under' federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Tr. for So. Cal.*, 463 U.S. 1, 10 (1983) (citing *Phillips Petroleum Co. v. Texaco, Inc.*, 415 U.S. 125, 129 (1974)). A federal court may order remand for any defect in the removal procedure, including for lack of subject matter jurisdiction. 28 U.S.C. § 1447(c).

Federal-question jurisdiction may be the basis for removal to federal court if the adjudication of plaintiff's claims for relief depend on the laws of the United States. *See Mims v. Arrow Fin. Serv.*, 565 U.S. 368, 377 (2012). "A suit arises under the law that creates the cause of action." *American Well Works Co. v. Layn & Bowler Co.*, 241 U.S. 257, 260 (1986).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. SA CV 19-04066-DOC-PJW                                                    Date: June 12, 2020

Page 3

### III. Discussion

#### A. NHTSA Violation

Defendant SMAI argues that Plaintiff's mention of National Highway Traffic Safety Administration ("NHTSA") violations in the Complaint's prayer for punitive damages implicates federal question jurisdiction. Opp'n. at 7. Plaintiff, to the contrary, asserts that the Complaint's discussion of NHTSA violations cannot give rise to federal question jurisdiction. Reply at 3.

##### 1. Well-Pleaded Complaint Rule

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). "To bring a case within the statute, a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." *Gully v. First Nat'l Bank*, 299 U.S. 109, 112 (1936). The "removal of a case to federal court may not be predicated on the presence of a federal defense." *Rivet v. Regions Bank of La.*, 522 U.S. 470, 470-471 (1998) (citing *Franchise Tax Bd.*, 463 U.S. at 14). Further, the Supreme Court has held that:

> [A] complaint alleging a violation of a federal statute as an element of a state cause of action, when Congress has determined that there should be no private, federal cause of action for the violation, does not state a claim "arising under the Constitution, laws, or treaties of the United States."

*Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 817 (1986).

Defendant SMAI asserts that Plaintiff's discussion of NHTSA violations under the Complaint's prayer for punitive damages is "a backdoor attempt to seek a private right of action when there is no viable basis under the law to [do] so." Opp'n at 7.

The NHTSA's recall protocols seek "to prescribe motor vehicle safety standards for motor vehicles and motor vehicle equipment in interstate commerce; and to carry out needed safety research and development." 49 U.S.C. § 30101. The federal statute does not prescribe a private right of action for a violation under the NHTSA, and the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 19-04066-DOC-PJW                                                  Date: June 12, 2020

Page 4

Defendant admits that no private right of action under the NHTSA exists. *See* Opp'n at 8. Therefore, the complaint cannot, and does not, bring a cause of action for NHTSA violations arising under the Constitution, laws, or treaties of the United States.

Furthermore, federal question jurisdiction must be established by a cause of action in the complaint. *Gully*, 299 U.S. at 112. Punitive damages are an element of recovery, not a cause of action. Therefore, federal question jurisdiction is not triggered by the allegations of NHTSA violations in the Plaintiff's plea for punitive damages.

Under the well-pleaded complaint rule, the Court finds that the mention of the alleged NHTSA violations does not give rise to federal question jurisdiction.

### 2.     Artful Pleading Doctrine

Defendant SMAI argues that Plaintiff's discussion of the NHTSA violations falls under the artful pleading doctrine and, therefore, the federal court is the appropriate forum for this claim. *See* Notice of Removal ¶¶ 8–13.

The artful pleading doctrine prohibits a plaintiff from defeating removal "by omitting to plead necessary federal questions in a complaint." *Franchise Tax Bd.*, 463 U.S. at 22. "[T]he artful pleading doctrine allows federal courts to retain jurisdiction over state law claims that implicate a substantial federal question." *Lippitt v. Raymond James Fin. Serv., Inc.*, 340 F.3d 1033, 1041 (9th Cir. 2003). State law claims implicate the artful pleading doctrine when: (1) a substantial, disputed question of federal law is a necessary element of the state claims, or (2) the right to relief depends on the resolution of a substantial, disputed federal question. *See id.* at 1042. "[N]o specific recipe exists for a court to alchemize a state claim into a federal claim—a court must look at a complex group of factors in any particular case to decided whether a state claim actually 'arises' under federal law." *Id.* at 1042–43.

Here, federal law is not a necessary element of Plaintiff's state law claims. The essential elements of a negligence claim in California are: (1) a duty of care, (2) a breach of that duty, (3) causation, and (4) damages. *See Ladd v. Cnty. of San Mateo*, 12 Cal. 4th 913, 917 (1996). Plaintiff's negligence claims do not rise and fall on the mention of NHTSA violations. Furthermore, Plaintiff's right to relief does not depend on the alleged NHTSA violations. While the alleged NHTSA violations may provide supporting evidence in Plaintiff's claim for punitive damages, the Plaintiff's causes of action do not rise and fall on the NHTSA violations.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 19-04066-DOC-PJW                            Date: June 12, 2020

Page 5

Thus, the Court finds that the NHTSA allegations present in Plaintiff's claim for punitive damages do not raise a federal question and do not provide a basis for removal.

### B.     Bankruptcy

Defendant SMAI also argues that this Court has federal question jurisdiction because Defendant SMAI's potential liability arises from SMAI's acquisition of American Suzuki Motor Corporation ("ASMC"), a bankrupt entity that underwent Title 11 proceedings. *See* Notice of Removal ¶ 14.

An issue triggering federal question jurisdiction "must be disclosed on the face of the complaint, unaided by the answer or the petition for removal." *Gully*, 299 U.S. at 113 (1936). The "removal of a case to federal court may not be predicated on the presence of a federal defense." *Rivet*, 522 U.S. at 470-471 (citing *Franchise Tax Bd.*, 463 U.S. at 14). District courts have "original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). Further, "[I]n a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11 . . . the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction." 28 U.S.C. § 1334(c).

The related bankruptcy issues Defendant has raised do not mandate federal question jurisdiction. The Complaint makes no reference to ASMC's bankruptcy, nor to SMAI's successor liability. Furthermore, the causes of action that Plaintiff brings against the Defendants are entirely based in state law. As evidenced by Defendant's discussion of the similar *Soulierre* state court proceeding, where Defendant SMAI succeeded on summary judgment and was held *not liable* as ASMC's successor corporation, the State forum is an appropriate forum to hear this dispute. Opp'n at 3. If Defendant SMAI wishes to argue that they are named unnecessarily in Plaintiff's Complaint, and that they do not owe successor liability as per ASMC's Title 11 proceedings, then they may do so in state court. The related bankruptcy issues do not arise from the face of the Complaint nor from the Plaintiff's causes of action.

### C.     Fraudulent Joinder

Defendant SMAI also argues that federal jurisdiction is appropriate because Defendant SMAI was fraudulently joined in the present matter, and, therefore, diversity jurisdiction exists. Opp'n. at 9–10.

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 19-04066-DOC-PJW                                                                      Date: June 12, 2020

Page 6

      If a defendant seeks to remove a case to federal court, it must do so within thirty days of being served with the complaint. *See* 28 U.S.C. § 1446(b). "[T]he defendant must state the basis for removal jurisdiction in the petition for removal." *O'Halloran v. Univ. of Wash.*, 856 F.2d 1375, 1381 (9th Cir. 1988). Furthermore, "[t]he petition cannot be amended to add a separate basis for removal jurisdiction after the thirty day period." *Id.* (citing *Barrow Dev. Co. v. Fulton Ins. Co.*, 418 F.2d 316, 317 (9th Cir. 1969). "Amendment may be permitted after the 30-day period if the amendment corrects defective allegations of jurisdiction, but not to add a new basis for removal jurisdiction." *ARCO Envtl. Remediation, L.L.C. v. Dep't of Health & Envtl. Quality of Mont.*, 213 F.3d 1108, 1117 (9th Cir. 2000).

      Defendant SMAI petitioned for removal to federal court based solely on federal question jurisdiction. *See generally* Notice of Removal. However, in opposing Plaintiff's Motion to Remand, Defendant SMAI now argues that diversity jurisdiction also exists because Defendant SMAI was fraudulently joined in the action. *See* Opp'n at 9–10. However, the thirty-day period for filing or amending the petition has passed. Defendant may not now add diversity jurisdiction as a separate basis for removal. Therefore, the Court need not address Defendant SMAI's argument regarding fraudulent joinder and whether diversity jurisdiction exists.

## IV.   Disposition

      For the reasons set forth above, the Court **GRANTS** Plaintiff's Motion to Remand Action to State Court. The action is **ORDERED** remanded to Orange County Superior Court. The Clerk shall serve this minute order on the parties.

MINUTES FORM 11                                                                                          Initials of Deputy Clerk: kd

CIVIL-GEN